| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| CENTRAL DISTRICT OF CALIFORNIA |
| Case number *(if known)* _____ Chapter **9** |

☐ Check if this is an amended filing

Official Form 201
# Voluntary Petition for Non-Individuals Filing for Bankruptcy 04/25

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Palo Verde Healthcare District** |
| 2. | All other names debtor used in the last 8 years<br>Include any assumed names, trade names and *doing business as* names | Palo Verde Hospital |
| 3. | Debtor's federal Employer Identification Number (EIN) | 90-0214335 |

| 4. | Debtor's address | **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|---|---|
| | | **250 N. 1st Street**<br>**Blythe, CA 92225**<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| | | **Riverside**<br>County | **Location of principal assets, if different from principal place of business**<br>_____<br>Number, Street, City, State & ZIP Code |

| 5. | Debtor's website (URL) | https://www.paloverdehospital.org/ |
|---|---|---|

| 6. | Type of debtor | ☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) |
|---|---|---|
| | | ☐ Partnership (excluding LLP) |
| | | ☑ Other. Specify: **Special Healthcare District** |

Official Form 201      **Voluntary Petition for Non-Individuals Filing for Bankruptcy**      page 1

Debtor  **Palo Verde Healthcare District**_____  Case number (*if known*)_____
　　　　Name

**7. Describe debtor's business**

A. *Check one:*

- [x] Health Care Business (as defined in 11 U.S.C. § 101(27A))
- [ ] Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
- [ ] Railroad (as defined in 11 U.S.C. § 101(44))
- [ ] Stockbroker (as defined in 11 U.S.C. § 101(53A))
- [ ] Commodity Broker (as defined in 11 U.S.C. § 101(6))
- [ ] Clearing Bank (as defined in 11 U.S.C. § 781(3))
- [ ] None of the above

B. *Check all that apply*

- [x] Tax-exempt entity (as described in 26 U.S.C. §501)
- [ ] Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
- [ ] Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
http://www.uscourts.gov/four-digit-national-association-naics-codes.

__6221__

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

- [ ] Chapter 7
- [x] Chapter 9
- [ ] Chapter 11. *Check all that apply*:
    - [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,424,000 (amount subject to adjustment on 4/01/28 and every 3 years after that).
    - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
    - [ ] The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.
    - [ ] A plan is being filed with this petition.
    - [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
    - [ ] The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
    - [ ] The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.
- [ ] Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

- [x] No.
- [ ] Yes.

District _____ When _____ Case number _____
District _____ When _____ Case number _____

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

- [x] No
- [ ] Yes.

List all cases. If more than 1, attach a separate list

Debtor _____ Relationship _____
District _____ When _____ Case number, if known _____

Debtor **Palo Verde Healthcare District** _____    Case number (_if known_) _____
Name

**11. Why is the case filed in _this district?_**    _Check all that apply:_

☑ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☑ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (_Check all that apply._)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
    What is the hazard? _____

☑ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**    **250 N. 1st Street**
                             **Blythe, CA, 92225-0000**
                             Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☑ Yes.  Insurance agency    **James & Gamble Insurance**
        Contact name        **Jim Sprague**
        Phone               **310-597-1684**

### Statistical and administrative information

**13. Debtor's estimation of available funds**    _Check one:_

☑ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

☐ 1-49                ☐ 1,000-5,000          ☐ 25,001-50,000
☐ 50-99               ☑ 5001-10,000          ☐ 50,001-100,000
☐ 100-199             ☐ 10,001-25,000        ☐ More than 100,000
☐ 200-999

**15. Estimated Assets**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☑ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000              ☐ $1,000,001 - $10 million        ☐ $500,000,001 - $1 billion
☐ $50,001 - $100,000        ☑ $10,000,001 - $50 million       ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000       ☐ $50,000,001 - $100 million      ☐ $10,000,000,001 - $50 billion
☐ $500,001 - $1 million     ☐ $100,000,001 - $500 million     ☐ More than $50 billion

Debtor  **Palo Verde Healthcare District**  
Name

Case number (*if known*) _____

## Request for Relief, Declaration, and Signatures

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 09/30/2025  
MM / DD / YYYY

X _/s/ Sandra J. Anaya_  
Signature of authorized representative of debtor

Sandra J. Anaya  
Printed name

Title **CEO**

**18. Signature of attorney**

X  /s/ D. Edward Hays  
Signature of attorney for debtor

Date 09/30/2025  
MM / DD / YYYY

**D. Edward Hays**  
Printed name

**MARSHACK HAYS WOOD LLP**  
Firm name

**870 Roosevelt**  
**Irvine, CA 92620-3663**  
Number, Street, City, State & ZIP Code

Contact phone (949) 333-7777    Email address ehays@marshackhays.com

**#162507 CA**  
Bar number and State

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 4

Fill in this information to identify the case:

Debtor name: **Palo Verde Healthcare District**

United States Bankruptcy Court for the: **CENTRAL DISTRICT OF CALIFORNIA**

Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim — If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Altera Digital Healthcare<br>PO Box 735183<br>Chicago, IL 60673 | Rhonda Spriggs<br>rhonda.spriggs@alterahealth.com<br>919-329-1835 | Litigation Settlement | | | | $210,000.00 |
| Aya Healthcare<br>PO Box 674907<br>Dallas, TX 75267 | Kim Lam<br>kim.lam@ayahealthcare.com<br>858-788-9761 x 14439 | Contract Nurses - Pre-petition services rendered | | | | $75,822.00 |
| Beta Healthcare Group<br>1443 Danville Blvd<br>Alamo, CA 94507 | Neil Plant<br>nplant@james-gable.com<br>424-358-4353 | Insurance Coverage | | | | $105,792.00 |
| California Department of Health Car<br>1500 Capitol Avenue<br>Sacramento, CA 95814 | Larry Djaja<br>LFSCC@cdph.ca.gov<br>510-620-3800 | DSH Repayment 2023 | Unliquidated | | | $162,396.00 |
| Certified Nursing Registry<br>2707 E. Valley Blvd Suite 309<br>West Covina, CA 91792 | Wilson Co<br>certified_united@yahoo.com<br>626-912-1877 | Contract Nurses - Pre-petition services rendered | | | | $28,025.00 |
| County of Riverside/EDA<br>3450 14th Street Ste 200<br>Riverside, CA 92501 | Monserrat Herrera<br>Mherrera@Rivco.org<br>951-955-8180 | Office building | | | | $238,771.00 |

Debtor **Palo Verde Healthcare District**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| Department of Healthcare Access & I<br>2020 West El Camino Avenue Ste. 1100<br>Sacramento, CA 95833 | Marcella Zambrano<br>financial@HCAI.ca.gov<br>916-326-3240 | Fines and Penalties | Contingent | | | $89,122.00 |
| Dr. Hossain Sahlolbei<br>326 W Hobsonway<br>Blythe, CA 92225 | Hossain Sahlolbei<br>parsurg@frontier.com<br>760-774-0561 | Professional Fees | Contingent | | | $88,800.00 |
| Dr. Mostafa Rahimi<br>31236 Palos Verde Dr West<br>CA 90725 | Mostafa Rahimi<br>mostafa121@yahoo.com<br>760-686-3121 | Professional Fees | Unliquidated | | | $24,355.00 |
| GeBBS Healthcare Solutions<br>PO Box LA 25715<br>Pasadena, CA 91185 | Deepesh Rana<br>deepesh.rana@gebbs.com<br>201-877-1023 | Third Party Billing Services | Contingent | | | $151,369.86 |
| Haemonetics Corporation<br>24849 Network Place<br>Chicago, IL 60673 | David Kreutz<br>david.kreutz@haemonetics.com<br>214-681-6722 | Software no longer in use | Disputed | | | $30,460.89 |
| Healthcare IT Leaders<br>925 North Point Pkwy 425<br>Alpharetta, GA 30005 | Phil West<br>pwest@healthcareitleaders.com<br>978-561-2016 | Software Implementation Fees | Disputed | | | $499,000.00 |
| Medical Solutions<br>PO Box 850737<br>Minneapolis, MN 55485 | Rubin Ramirez<br>Rubin.ramirez@medicalsolutions.com<br>402-704-1410 | Contract Nurses - Pre-petition services rendered | Unliquidated | | | $377,271.50 |
| Oracle Health<br>500 Oracle Parkway<br>Redwood City, CA 94065 | Jenifer jancy<br>Jenifer.jancy@oracle.com<br>888-803-7414 | Cerner Software Licensing -HIMS | Contingent | | | $104,744.00 |
| Performant Healthcare Services<br>900 South Pine Island Road Suite 150<br>Fort Lauderdale, FL 33324 | Tiffany Pritchard<br>tpritchard@performantcorp.com<br>209-858-3677 | Overpayment of Claims Paid | Unliquidated | | | $577,251.00 |

Official form 204    Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured claims    page 2

Debtor **Palo Verde Healthcare District**
Name

Case number *(if known)*

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| **Radiology Reports**<br>721 W IL Route 22<br>Lake Zurich, IL 60047 | Mina Duran<br><br>accounts@radiologyreportsonline.com<br>630-519-3485 | **Contract Services** | | | | $51,835.00 |
| **SCA Consulting**<br>950 Glenn Drive<br>Ste. 250<br>Folsom, CA 95630 | Micheline Speelman<br><br>Mspeelman@scainc.com<br>916-673-2020x105 | **Commissions for IGT plus services** | | | | $236,280.00 |
| **Siemens Healthcare Diagnostics**<br>PO Box 121102<br>Dallas, TX 75312 | Corinne Melville<br><br>corinne.melville@siemens-healthineers.com<br>484-323-4177 | **Lab and ER Supplies** | | | | $56,362.00 |
| **The Good Life MedStaff**<br>PO Box 3544<br>Omaha, NE 68103 | Brian Luwkowsi<br><br>brianl@tglmedstaff.com<br>402-275-2093 | **Contract Nurses - Pre-petition services** | | | | $78,763.00 |
| **Wipfli**<br>PO Box 3160<br>Milwaukee, WI 53201 | Tammy Frost<br><br>Tammy.frost@wipfli.com<br>314-480-1369 | **Third Party Billing Services** | **Disputed** | | | $91,638.00 |

**Fill in this information to identify the case:**

Debtor name: **Palo Verde Healthcare District**

United States Bankruptcy Court for the: CENTRAL DISTRICT OF CALIFORNIA

Case number (if known): _____

☐ Check if this is an amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors  12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
- ☐ *Schedule H: Codebtors* (Official Form 206H)
- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
- ☐ Amended *Schedule* _____
- ☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  9-30-2025     X  /s/ Sandra J. Anaya
                              Signature of individual signing on behalf of debtor

**Sandra J. Anaya**
Printed name

**CEO**
Position or relationship to debtor

## STATEMENT OF ELIGIBILITY UNDER 11 U.S.C. § 109(c)

Pursuant to 11 U.S.C. § 109(c), an entity may only be a debtor under Chapter 9 upon satisfaction of certain conditions. Palo Verde Healthcare District ("PVHD"), which operates the Palo Verde Hospital located in Blythe, California, is eligible as a Chapter 9 debtor as follows:

PVHD qualifies as a "municipality" as the term is defined under 11 U.S.C. § 101(40). PVHD is a special hospital district created under California Health & Safety Code § 32000 *et seq.*, satisfying 11 U.S.C. § 109(c)(1).

PVHD is specifically authorized to be a Chapter 9 debtor by California Government Code § 53760 as a "local public entity" within the meaning of California Government Code § 53760.1(f), having declared a fiscal emergency and adopting a resolution by a majority vote of the governing board of PVHD itself, in a 3-1-1 vote, which resolution is attached hereto, satisfying 11 U.S.C. § 109(c)(2).

PVHD is insolvent as such term is defined in 11 U.S.C. § 101(32)(C) because it is unable to pay its debts as they become due, and is currently not paying its debts as they become due. Although PVHD has a sum of cash on hand, and is diligently seeking to cut non-essential costs and collect receivables which are due to it, it must prioritize the health and safety of its patients. PVHD only currently provides emergency services with seven available beds, and does not have any in-patient services. The majority of the hospital building is currently not operational. The PVHD board declared the current fiscal emergency and authorized and directed the filing of the Chapter 9 petition in order to preserve public health and the safety of PVHD patients and to remain in compliance, first and foremost, with the requirements of California Title 22 regulations over health and safety. The requirements of 11 U.S.C. § 109(c)(3) are therefore satisfied.

PVHD desires to effect a plan to adjust its debts, and believes that with a plan of adjustment, coupled with increased revenues (whether from public or private sources), it can return to solvent operations, satisfying 11 U.S.C. § 109(c)(4).

PVHD has been subjected to multiple demands for payment by creditors who may have actually received transfers subject to 11 U.S.C. § 547(c)(5)(D) and an attempt to negotiate with its various creditors is impracticable, especially in light of the cash flow and liquidity issues presented to PVHD, satisfying 11 U.S.C. § 109(c)(5).

The statements herein are non-exhaustive and further information will be provided to the Court, creditors, and parties in interest if the matter of eligibility is subject to challenge in the Bankruptcy Court.

RESOLUTION NO. 2025-10

A RESOLUTION OF THE BOARD OF DIRECTORS OF THE PALO VERDE HEALTHCARE DISTRICT AUTHORIZING THE FILING OF A CHAPTER 9 BANKRUPTCY PETITION

The Board of Directors ("Board of Directors") of the Palo Verde Healthcare District (the "District"), a local health care district organized under the terms of the Local Health Care District Law (Health and Safety Code of the State of California, Division 23, sections 32000-32492), pursuant to section 32104 of the California Health and Safety Code, hereby adopts the following resolution this 22nd day of September 2025.

WHEREAS, the District has operated certain health care facilities in the County of Riverside, California ("County"), City of Blythe ("City"), including Palo Verde Hospital ("Hospital"), a critical access hospital having 25 beds, which offered a full range of inpatient and outpatient services that included but were not limited to emergency services, surgical services, radiology and diagnostic imaging services, laboratory services, and physical therapy services; and

WHEREAS, the District also operates a community health clinic in the City; and

WHEREAS, through its facilities, the District is the sole provider of certain health care services to the residents in the jurisdiction of the District, including persons in custody at Ironwood State Prison, in the eastern region of the County, including the emergency and related hospital services provided at the Hospital; and

WHEREAS, after incurring major COVID-19 related response costs during the pandemic years, protracted litigation in 2024, and a cascade of unforeseeable events, including but not limited to, major operating system replacements, a debilitating cyber-incident that halted billing for 45 days, and the abrupt resignation of key finance leadership, the District's available cash on hand has plummeted to roughly $1.2 million as more fully set forth in the Sixty-Day Emergency Plan and Short-Term Stabilization Initiatives ("60-Day Plan") adopted by the Board of Directors on June 7, 2025; and

WHEREAS, additional challenges arose on May 22, 2025, when Provident Bank exercised its right of set off on the District's $2.8 million line of credit; and

WHEREAS, with the District's current fiscal condition it has sought and been unable to obtain another credit line; and

WHEREAS, in connection with the immediate fiscal crisis, on May 23, 2025 the District contacted Congressman Raul Ruiz to inform him of the current fiscal situation and requested assistance on behalf of the District to request emergency funding of $4 million from other government agencies, including the State of California, to allow the District time to commence a 60-Day Plan to address the immediate insolvency challenges faced by the District and implement immediate actions to partially mitigate these issues, with additional considerations to be made during the adoption of the annual budget for FY 2025-26 including workforce and other cost reductions; and

WHEREAS, on May 24, 2025, the Board of Directors held an emergency meeting to inform the community, the staff, and others of the dire fiscal condition of the District. At the same meeting, the Board of Directors voted to operate only the Emergency Department and services ancillary to the Emergency Department and the Palo Verde Community Clinic; and

1

WHEREAS, in a letter dated May 28, 2025, from Congressman Raul Ruiz, Senator Adam Schiff and Senator Alex Padilla to Governor Gavin Newsom, the District's request for financial assistance in the amount of $4 million was restated as dire in an effort to save the Hospital and the Palo Verde Community Clinic from closure; and

WHEREAS, the District has engaged in additional discussions with the offices of Congressman Raul Ruiz, Senator Steve Padilla, Supervisor Manuel Perez, and the City of Blythe, among others, regarding the District's request and dire need for emergency assistance; and

WHEREAS, on June 7, 2025, the Board of Directors held a public hearing, adopted the 60-Day Plan, and declared a fiscal emergency, which was promptly forwarded to the District's federal, state, and local representatives, in an effort to request emergency financial assistance; and

WHEREAS, the District's management and Board of Directors have taken significant steps to reduce expenses, evaluate cost control measures, collect past due receivables and combat reimbursement declines in various payors; and

WHEREAS, the Board of Directors directed the implementation of short-term initiatives for added cost savings under the 60-Day Plan, and management has initiated those initiatives, including but not limited to employee terminations and furloughs, contract terminations and non-renewals, reduction in medical services, contract and loan modification, and other necessary actions; the impacts from these initiatives have been included in the proposed draft budget for fiscal year 2025-2026 and result in a reduction in salaries and benefits of approximately $2.2 million and non-salary cost savings of $4.7 million; and

WHEREAS, despite these efforts, the District is still currently facing a structural budget deficit and cash flow deficit that threatens the District's fiscal viability and, if allowed to continue, could threaten patient care and patient safety; and

WHEREAS, the District has been engaged in recovery efforts under its 60-Day Plan, including but not limited to employee terminations and furloughs, contract termination and non-renewals, reduction in medical services, loan modification, etc. Despite these efforts, the District is still currently facing a structural budget deficit of nearly $4-5 million, and a cash flow deficit that threatens the District's ability to continue operations; and

WHEREAS, in consideration of the District's financial circumstances, sections 53760 through 53760.7 of the California Government Code, and in particular section 53760.5 thereof, authorize a local public entity, such as the District, to file a petition and exercise powers pursuant to applicable federal bankruptcy law, if (a) the local public entity places an item on the agenda of a noticed public hearing on the fiscal condition of the entity to take public comment, and (b) thereafter, the local public entity declares a fiscal emergency and adopts a resolution by majority vote of the governing Board of Directors at a noticed public hearing that includes findings that the financial state of the local public entity jeopardizes the health, safety, or well-being of the residents of the District's service area absent the protections of chapter 9 ("Chapter 9") of title 11 of the United States Code (the "Bankruptcy Code"); and

WHEREAS, pursuant to section 53760.5 of the California Government Code, such resolution authorizing a declaration of a fiscal emergency shall also make findings that the public entity is or will be unable to pay its obligations within the next 60 days; and

Representative has the authority to file a petition under Chapter 9 of the Bankruptcy Code on behalf of the District; and

BE IT FURTHER RESOLVED that the Board of Directors hereby authorizes and directs an Authorized Representative, on behalf of and in the name of the District, to execute and file a Chapter 9 petition with the U.S. Bankruptcy Court for the Central District of California; and

BE IT FURTHER RESOLVED that the Authorized Representative, and all other appropriate officials and employees of the District, are hereby authorized to execute and file all petitions, schedules, lists, and other papers, and to take any and all actions that they shall deem necessary and appropriate in connection with such Chapter 9 case, and with a view to the successful prosecution and completion of such case, including without limitation the proposal and confirmation of a plan of adjustment for the debts of the District; and

BE IT FURTHER RESOLVED that the Board of Directors hereby authorizes and directs the Authorized Representative to continue negotiations with the District's creditors regarding the filing of such petition and the financial restructuring of the District under such chapter of the Bankruptcy Code; and

BE IT FURTHER RESOLVED that all actions heretofore taken by the Authorized Representative, in the name of and on behalf of the District, in connection with any of the above matters are hereby in all respects ratified, confirmed, and approved; and

BE IT FURTHER RESOLVED that the Board of Directors directs management to investigate and recommend any and all further actions necessary to mitigate the impacts of the fiscal emergency; and

BE IT FURTHER RESOLVED that this Resolution shall take effect upon its adoption; and

[Remainder of page intentionally left blank.]

BE IT FURTHER RESOLVED that the Clerk of the Board of Directors shall certify as to the adoption of this Resolution and shall cause the same to be processed in the manner required by law.

PASSED, ADOPTED AND APPROVED at a regular meeting of the Board of Directors of the Palo Verde Healthcare District on this 22nd date of September 2025.

AYES: 3

NOS: 1

ABSENT: _____

ABSTAINED: 1

_____
Carmela Garnica, President
Board of Directors

ATTEST:

_____
Joanna Gonzalez, Clerk of the Board

ADPPROVED AS TO FORM:

_____
Lena D. Wade, General Counsel