D. EDWARD HAYS, #162507
ehays@marshackhays.com
TINHO MANG, #322146
tmang@marshackhays.com
DEVAN DE LOS REYES, #355913
ddelosreyes@marshackhays.com
MARSHACK HAYS WOOD LLP
870 Roosevelt, Irvine, CA 92620
Telephone: 949-333-7777
Facsimile: 949-333-7778

Attorneys for Debtor,
PALO VERDE HEALTHCARE DISTRICT.

FILED & ENTERED

OCT 10 2025

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY Mason    DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA - RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>PALO VERDE HEALTHCARE DISTRICT,<br><br>    Debtor. | Case No. 6:25-bk-17084-SY<br><br>Chapter 9<br><br>ORDER GRANTING DEBTOR'S MOTION FOR ORDER (A) PROHIBITING UTILITY COMPANIES FROM ALTERING, REFUSING OR DISCONTINUING SERVICES, (B) DEEMING UTILITIES ADEQUATELY ASSURED OF FUTURE PERFORMANCE, AND (C) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS FOR ADDITIONAL ADEQUATE ASSURANCE OF PAYMENT<br><br>Hearing Held:<br>Date:   October 8, 2025<br>Time:  1:30 p.m.<br>Ctrm:  302<br>Place:  3420 Twelfth Street.,<br>          Riverside, CA  92501 |

On October 8, 2025, the court held a hearing on the debtor's Motion for Order (A) Prohibiting Utility Providers From Altering, Refusing or Discontinuing Service, (B) Deeming Utilities Adequately Assured of Future Performance, and (C) Establishing Procedures for Resolving Requests for Additional Adequate Assurance of Payment ("Motion"), filed by debtor, Palo Verde

1

1 Healthcare District ("Debtor") on October 2, 2025, as Docket No. 6. D. Edward Hays and Tinho
2 Mang appeared on behalf of the Debtor, along with its representative, interim CFO Michael Rose.
3 Abram S. Feuerstein appeared on behalf of Peter C. Anderson, United States Trustee for Region 16.
4 All other appearances were as noted on the record.

     Prior to the hearing on the Motion, no opposition was filed. No opposition to the Motion was raised orally at the hearing by any party. The court, having considered the Motion, the record in this case, the arguments, statements, and representations of counsel at the hearing, and for good cause appearing,

**IT IS ORDERED** that

1. The Motion is granted.
2. This order applies to the following entities:
    a. Southern California Edison
    b. City of Blythe Water
    c. CR&R Incorporated
    d. Frontier Communications
    e. Blue Tech Water, Inc.
    f. TRL Systems
    g. Alsco Uniforms
    h. AT&T
    i. SoCalGas
    j. eGoldFax
    k. Granite Telecommunications
    l. Stericycle, Inc.
    m. Culligan Water Conditioning
    n. Mr. Pest Control
    o. Power Plus

Collectively, the entities identified above are referred to as the "Utility Providers."

3. The Debtor continuing to make current payments to the Utility Providers, coupled

with the procedures set forth herein, constitutes adequate assurance of payment ("Proposed Adequate Assurance").

    4.    The Utility Providers are prohibited from discontinuing or altering in any detrimental ways, the services and goods rendered to the Debtor, absent compliance with the following procedures:

    a.    The Debtor shall serve a copy of this Order on (i) each Utility Provider by United States first-class mail within five business days after the date of entry of this Order; and (ii) as described below, each Utility Provider that is listed on any subsequently filed Supplement to this Motion by United States first-class mail within five business days after the date of filing of the supplement;

    b.    If a Utility Provider is not satisfied with the assurance of future payment provided by the Debtor, then the Utility Provider must serve a written request ("Request") upon the Debtor setting forth the location(s) for which utility services are provided, the account number(s) for such location(s), the outstanding balance for each account, a summary of the Debtor's payment history on each account, and an explanation of why the Proposed Adequate Assurance is inadequate assurance of payment;

    c.    The Request must be actually received by the Debtor and Debtor's proposed counsel at the following address no later than forty-five (45) calendar days after the date of entry of this Order ("Request Deadline"):

Marshack Hays Wood LLP
870 Roosevelt
Irvine, California 92620
Telephone: (949) 333-7777
Attn: D. Edward Hays, Tinho Mang, Devan de los Reyes

    d.    Without further order of the court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Provider serving a timely Request, if the Debtor, in its discretion, determines that the Request is reasonable;

    e.    If the Debtor believes that a Request is unreasonable, then it shall, within thirty (30) days after the Request Deadline date, file a motion pursuant to 11 U.S.C.

§ 366(c)(3) of the Bankruptcy Code seeking a determination from the Court that the utility deposit, plus any additional consideration offered by the Debtor, constitutes adequate assurance of payment ("Determination Motion");

f. Pending notice and a hearing on the Determination Motion, the Utility Provider that is the subject of the unresolved Request may not alter, refuse, or discontinue services to the Debtor or recover or setoff against a prepetition deposit;

g. Any Utility Provider that fails to make a timely Request shall be deemed to be satisfied that the Proposed Adequate Assurance provide adequate assurance of payment to such Utility Provider within the meaning of 11 U.S.C. § 366, and shall further be deemed to have waived any right to seek additional adequate assurance during the course of this chapter 9 case, except as provided in 11 U.S.C. §§ 366(b)(2) or 366(c)(3), as applicable;

h. If an entity that is not identified in this Motion as a Utility Provider believes that it provides the Debtor with utility services within the meaning of 11 U.S.C. § 366, then that entity must make a written request to be added as a Utility Provider within 20 days of the date of this Order. Failure to make a written request within the 20-day time period bars such entity from terminating the services it provides to the Debtor under to 11 U.S.C. § 366, absent further order of the Court;

5. The procedures detailed in the Motion adequately protect the interests of the Utility Providers under the circumstances of the case, and in consideration of the best interests of the Debtor and the community that relies on the continued operations of the Debtor.

###

Date: October 10, 2025

Scott H. Yun
United States Bankruptcy Judge